Virginia Abila KINNEY, Plaintiff—
Appellant,

v.

OCCIDENTAL OIL & GAS CORPORA-
TION; Occidental Petroleum Corpo-
ration, Defendants—Appellees.

Virginia Abila Kinney, Plaintiff—
Appellee,

v.

Occidental Oil & Gas Corporation; Oc-
cidental Petroleum Corporation,
Defendants—Appellants.

Nos. 03–56032, 03–56081 and 03–56165.

United States Court of Appeals,
Ninth Circuit.

Submitted July 12, 2004.*

Decided July 20, 2004.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**136**

Virginia Abila Kinney, Stafford, TX, for Plaintiff-Appellant.

Adam Levin, Esq., Mitchell Silberberg et al, LLP, Los Angeles, CA, for Defendant-Appellee.

Before: HAWKINS, THOMAS, and BYBEE, Circuit Judges.

MEMORANDUM **

Virginia Abila Kinney appeals pro se the district court's judgment dismissing on *forum non conveniens* grounds her employment action alleging sex discrimination and retaliation in violation of 42 U.S.C. §§ 1983, 1985(3), and Title VII of the Civil Rights Act of 1964. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.

The only issue before us on appeal is whether the district court abused its discretion in dismissing Kinney's employment action for *forum non conveniens* in favor of Occidental Oil & Gas Corporation ("Occidental"). We review a district court's dismissal for *forum non conveniens* for abuse of discretion. *Harris Rutsky & Co. Ins. Services, Inc. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1136 (9th Cir.2003).

In dismissing an action on *forum non conveniens* grounds the court must examine: (1) whether an adequate alternative forum exists, and (2) whether the balance of private and public interest factors favors dismissal. *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 254 n. 22, 257, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981). We conclude that the district court did not abuse its discretion when it determined that an adequate forum for the adjudication of Kinney's action is available in Qatar, where Occidental stipulated to the jurisdiction of the Qatari Labor Court, agreed to toll the statute of limitations applicable to Kinney's claims from the date on which she filed her action in the district court, and presented evidence that Kinney would have a remedy in a Qatari court. *See id.* at 254 n. 22; *see also Lueck v. Sundstrand Corp.*, 236 F.3d 1137, 1143–44 (9th Cir. 2001).

Likewise, the district court did not abuse its discretion when it concluded that

---

the balance of private and public factors favored dismissal, where the district court considered that Kinney's complaint involved acts that occurred exclusively in Qatar, the majority of witnesses were in Qatar, and the laws of Qatar govern the action. *See Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 509, 67 S.Ct. 839, 91 L.Ed. 1055 (1947).

We hold that the district court did not abuse its discretion in dismissing Kinney's action on *forum non conveniens* grounds. *Piper Aircraft Co.*, 454 U.S. at 257.

**AFFIRMED.**

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.